# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1240V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * *
\*
KATHLEEN KILLEA,            \*
                                                 \*       Special Master Corcoran
                                                 \*
          Petitioner,          \*      Filed: November 10, 2016
                                                 \*
v.                                              \*      Decision; Attorney's Fees and
                                                 \*      Costs; Influenza ("Flu") Vaccine;
SECRETARY OF HEALTH      \*      Unilateral Sensorineural Hearing
AND HUMAN SERVICES,      \*      Loss ("SNHL"); Tinnitus; Vertigo;
                                                 \*      Balance Issues; Facial Numbness.
          Respondent.       \*
                                                 \*
* * * * * * * * * * * * * * * * * * * * * * * * *

*William E. Cochran, Jr.*, Black McLaren Jones Ryland & Griffee, Memphis, TN, for Petitioner.

*Camille M. Collett*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On October 23, 2015, Kathleen Killea filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program") alleging that she suffered from unilateral sensorineural hearing loss ("SNHL"), tinnitus, vertigo, balance issues, and numbness on the right side of her face after her receipt of the influenza ("flu") vaccine on November 11, 2014.[2] Petition at 1 (ECF No. 1). Thereafter, the parties were able to reach an

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

informal settlement agreement and requested I issue a "15-Week" Order, which I did. ECF No. 17. The parties then filed their stipulation for an award of damages on August 12, 2016 (ECF No. 23), and I adopted the stipulation as my decision granting damages on August 17, 2016. ECF No. 24.

Petitioner has now filed a motion for attorney's fees and costs, dated October 27, 2016. *See* ECF No. 28. Petitioner originally requested reimbursement of attorney's fees and costs in the amount of $22,141.61 (representing $20,802.50 in attorney's fees and $1,339.11 in costs). *Id.* However, after filing this motion, Petitioner and Respondent informally conferred, and Respondent represented that she did not object to an award of attorney's fees and costs up to $21,000.00. Petitioner's counsel then contacted my chambers via email on November 9, 2016, to amend informally the prior request for attorney's fees and costs to the amount of $21,000.00 in order to resolve this matter quickly.

I approve the requested amounts for attorney's fees and costs as reasonable. Accordingly, I award a total of $21,000.00 as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, William E. Cochran, Jr., Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.